UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOPERATIVE REGIONS OF ORGANIC PRODUCER POOLS, a Wisconsin Stock Cooperative,<br><br>Plaintiff,<br><br>v.<br><br>STUEVE'S CERTIFIED ORGANIC DAIRY, a California business entity of unknown form; LLOYD L. STUEVE, individually and doing business as Stueve's Certified Organic Dairy; GAGE STUEVE, individually and doing business as Stueve's Certified Organic Dairy; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 1:14-cv-01123 GEB SKO<br><br>**ORDER DENYING MOTION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER** |

Plaintiff moves ex parte for a temporary restraining order ("TRO") under "California Food and Agriculture Code section[] . . . 54265, and alternatively, pursuant to Federal Rule of Civil Procedure [('Rule')] 65" "enjoining Defendants . . . from selling organic milk to any third parties and requiring Defendants to deliver all the organic milk they produce to [Plaintiff]" as prescribed in an agricultural marketing contract. (TRO i:16-17, 6-9, ECF No. 7.)

1

A threshold issue is whether section 54265 or Rule 65 governs Plaintiff's TRO motion. "When a state law directly conflicts with a federal rule of civil procedure, courts apply the test set forth in Hanna v. Plumer, 380 U.S. 460, 460 (1965)." Kane v. Chobani, Inc., No. 12-cv-02425-LHK, 2013 WL 3776172, at *2 (N.D. Cal. July 15, 2013). "[Under Hanna] courts apply 'the Federal Rule, and can refuse to do so only if the Advisory Committee, [the Supreme Court], and Congress erred in their prima facie judgment that the Rule is within the scope of the Rules Enabling Act and the Constitution." Id. (quoting Hanna, 380 U.S. at 471). California Food and Agriculture Code section 54265 prescribes: "Pending the adjudication of [a breach of agriculture marketing contract] action and upon filing a verified complaint which shows the breach or threatened breach, and upon filing a sufficient bond, [a movant] shall be entitled to a [TRO] . . . ." This statute conflicts with Rule 65(b), which prescribes: "The court may issue a [TRO] . . . only if specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury will result to the movant before the adverse party can be heard in opposition." (emphasis added). Since "[c]ourts have held that [] Rule 65 is both constitutional and within the scope of the Rules Enabling Act," Rule 65 applies. Chobani, 2013 WL 3776172 at *3.

The following facts averred in Plaintiff's Verified Complaint are germane to the TRO motion. "[O]n July 3, 2014, Defendant Gage Stueve sent an e-mail to [Plaintiff] which stated, in pertinent part: 'Our last day shipping milk to [Plaintiff] will be Monday, July 7, 2014.'" (Ver. Compl. ¶ 42, ECF No. 1.)

2

1  "On July 8 and 9, 2014, [Plaintiff] dispatched the same milk
2  hauler who regularly handles acceptance of [Defendants'] organic
3  milk to the farm; however, Defendants turned the milk hauler away
4  on both dates, refusing to transfer any of [Defendants'] milk to
5  [Plaintiff]." (Id. ¶ 43.)

6  Plaintiff's Chief Financial Officer declares the
7  following concerning immediate and irreparable injury:

> The impact from the loss of organic milk from
> [Defendants] is significant[, and, as a
> result,] . . . [Plaintiff] has been unable to
> build its supply due to the loss of milk from
> [Defendants]. The supply of inventory is
> critical because milk sales are lower in the
> summer and this is the time period during
> which [Plaintiff] is able to ensure that it
> has sufficient stock for the upcoming fall to
> meet its commitments. . . . [O]nce dairy
> sales start increasing in September,
> [Plaintiff] will lack sufficient daily supply
> to meet its commitments and will have to
> short its customers.

16  (Decl. of Mike Bedessem ¶ 6, ECF No. 7-2.) This "will lead to
17  harm to [Plaintiff]'s business and reputational harm." (Id. ¶ 5.)

18  Plaintiff filed its TRO motion on July 24, 2014,
19  twenty-one days (or three weeks) after Plaintiff avers Defendants
20  notified Plaintiff on July 3, 2014 of their intention to breach.
21  Local Rule 231(b) prescribes: "In considering a motion for a
22  [TRO], the Court will consider whether the applicant could have
23  sought relief by [a] motion for [a] preliminary injunction at an
24  earlier date without the necessity for seeking last-minute relief
25  by [a] motion for [a] [TRO]." Here, Plaintiff has not explained
26  why it did not seek injunctive relief earlier. This failure of
27  explanation for Plaintiff's three-week delay in seeking a TRO
28  implies that, under the circumstances, its delay has contributed

to part of the irreparable injury it avers it is enduring, and that it should proceed by an expedited preliminary injunction proceeding, rather than an ex parte TRO proceeding. This would provide Defendants an opportunity to respond to Plaintiff's request for injunctive relief, as contemplated by the equitable principles embodied in the above referenced rules under these circumstances.

Therefore, Plaintiff's motion for an ex parte TRO is DENIED.

Dated: July 25, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge